# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BERNETTA STOVALL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 3298 |
| | ) |
| **THOMAS DART**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 3) is granted on condition that she complies with the remaining directions in this paragraph. Plaintiff's Complaint is dismissed without prejudice to her submission of an amended complaint, and her failure to do so by May 30, 2017 will result in summary dismissal of this case. To enable her to comply with this memorandum order's directions, the Clerk is directed to send her an amended civil rights Complaint form with instructions, a blank Motion for Attorney Representation ("Motion"), a copy of this memorandum order and a blank USM-285 (United States Marshals Service) form. Meanwhile plaintiff's current Motion (Dkt. No. 4) is denied without prejudice.

## Statement

Plaintiff Bernetta Stovall brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging she was confined under unconstitutional conditions at the Cook County Jail. Currently before the Court are plaintiff's Application To Proceed In Forma Pauperis ("Application"), her Complaint for initial review under 28 U.S.C. § 1915(e)(2) and her Motion.

Plaintiff's Application demonstrates that she cannot pay the filing fee and is thus granted on condition that she complies with the directions set out in the opening paragraph of this memorandum order. However, plaintiff's Complaint is dismissed without prejudice.

Under 28 U.S.C. § 1915(e)(2) the Court is required to screen pro se complaints and dismiss a complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Under Fed. R. Civ. P. ("Rule") 8(a)(2) a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." That statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests" (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted)). Under federal notice pleading standards a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" (Twombly, 550 U.S. at 555). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true" (Alam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013)). Courts also construe pro se complaints liberally (Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Plaintiff alleges that she was housed on three tiers in Division 4 -- identified as "LZ Cermak, Div 8, Q1 and P1" -- of the Jail beginning October 8, 2016 (Dkt.1, p. 4.) She alleges that

"most of them have the same problems," identifying asserted unconstitutional living conditions of heat not reaching the entire tier, the presence of rodents and insects, mold in the showers and day room and brown drinking water from the rust in the pipes (id.)  She further alleges that the beds have "no lining," so she puts "books" under her back, pelvis and ankle, (id.)  Plaintiff seeks "to be compensated for the time I spent in here" (id. at 5).

Plaintiff must submit an amended complaint, as the document on file fails to state a claim with the required plausibility.  Incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs" (Rice ex rel. Rice v. Correctional Med. Servs., 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted)).  Although the Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee (Bell v. Wolfish, 441 U.S. 520,535 (1979); Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009)), punishment in the constitutional sense requires something more than routine discomfort (Rhodes v. Chapman, 452 U.S. 337, 349 (1981); Granville v. Dart, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) .  Punishment generally requires allegations of extreme deprivations over an extended period of time (Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Bell, 441 U.S. at 542; Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999); Johnson v. Bryant, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) ).

Although the conditions described in the Complaint are unacceptable, its minimal and vague allegations fail to give defendant sufficient notice of the basis of the claims against him, particularly without specifics of the length of time plaintiff lived in the allegedly unconstitutional conditions and which conditions existed in each of the tiers she was housed.  Any claims

regarding each tier must clearly identify the dates, locations and the allegedly unconstitutional living conditions in that tier for that time period. While fact pleading is not required, there must be sufficient factual allegations to put defendant on notice of the basis of her claims.

Based on the above, plaintiff's Complaint is dismissed without prejudice for failure to state a claim, although plaintiff is given leave to submit an amended complaint if she can do so consistently with what has been said above. Plaintiff must write both the case number and this Court's name on the amended complaint, sign it and return it to the Prisoner Correspondent. In addition, plaintiff must include a completed USM-285 form for each defendant named in the amended complaint.

Plaintiff is also cautioned that an amended pleading supersedes the previous filings and must stand complete on its own. All allegations must therefore be set forth in the amended complaint without reference to the previous Complaint. Any exhibits that plaintiff wants this Court to consider in its threshold review of the amended complaint must be attached.

Lastly, plaintiff's Motion is denied without prejudice. In making the decision whether to recruit counsel, this Court must engage in a two-step analysis: (1) whether plaintiff has made a reasonable attempt to obtain counsel on her own behalf or has been effectively precluded from doing so and (2) whether, given the factual and legal complexity of the case, plaintiff appears competent to litigate the matter herself (Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). Here plaintiff has not identified any attempt to retain counsel on her own. Only after she meets the first threshold requirement does this Court proceed to examine the second (Pruitt, id. at 654; Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Russell v. Bukowski,

608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself")).

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: May 9, 2017